# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUAN JORGE GUITRON, JR.,

    Plaintiff,

    v.                                      Case No. 18-CV-1072

OFFICER NOONAN, OFFICER MUAH,
OFFICER STRONG, OFFICER SAUER,
OFFICER BLOSHENKO, OFFICER VOUNG,
OFFICER XIONG, OFFICER SCHATTNER,
OFFICER NIKOLAI, OFFICER NAVIS,
OFFICER ORABUTT, OFFICER MEYER,
OFFICER LINJER, OFFICER VOEKNER,
OFFICER FEUCHT, OFFICER VAN OFFERAN,
OFFICER DAMMAN, OFFICER R F MAKI,
OFFICER WELLS, OFFICER RAVELY,
OFFICER MORALES, OFFICER HEIN,
OFFICER SKOLESKI, OFFICER STADLER,
SGT ROSENTHAL, SGT WILSON,
SGT SCHOOL, SGT GARDNER,
SGT EDWARDS, SGT MCVAY, and
LT VERHEYEN,

    Defendants.

# DECISION AND ORDER ON
# SCREENING PLAINTIFF'S COMPLAINT

    Juan Jorge Guitron, who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights by intentionally depriving him of sleep. (Docket # 1). This matter is now before me on Guitron's motion to proceed without prepayment of the filing fee (Docket # 2) and for screening of his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because Guitron was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On July 16, 2018, I ordered Guitron to pay an initial partial filing fee of $15.05. Docket # 5. Guitron paid that fee on August 3, 2018. Therefore, I will grant his motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

*Federal Screening Standard*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, I follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give the pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Guitron's Allegations*

Guitron alleges that he was housed at Outagamie County Jail between September 26, 2017 through June 28, 2018. During that time, he states he was deprived of sleep. Specifically, Guitron asserts that during their respective night shift rounds Officers Noonan,

Muah, Strong, Sauer, Bloshenko, Voung, Xiong, Schattner, Nikolai, Navis, Orabutt, Meyer, Linjer, Voekner, Feucht, Van Offeran, Damman, R F Maki, Wells, Ravely, Morales, Hein, Skoleski, and Stadler were allowed by Sergeants Rosenthal, Wilson, School, Gardner, Edwards, and McVay and Lieutenant Verheyen to intentionally cause the "unit-to-unit access door to slam closed on its spring loading every forty-five (45) minutes" as the officers conducted inmate well-being checks. Docket # 1 at 6-7. When he complained, the officers "made statements like 'if you don't like it then don't come to jail.'" *Id.* at 7-8. He further asserts that he could not sleep during the day because of the "excessive amount of standing counts" in a given day. *Id.* at 7. Guitron asserts that those purportedly intentional acts caused him "migraines, sore eyes, fatigue, sleep deprivation, blurred vision, emotional distress, anxiety, and psychological and physiological pain and suffering."

Guitron seeks injunctive relief and compensatory and punitive damages.

*Analysis*

Guitron seems to be asserting that his conditions of confinement were unconstitutional. As a preliminary matter, I note that Guitron does not clarify whether he was a convicted prisoner or a pretrial detainee during his time at Outagamie County Jail. "[D]ifferent constitutional provisions, and thus different standards, govern depending on the relationship between the state and the person in the state's custody." *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013). If he was a pretrial detainee, his "constitutional rights ... [were] derived from the Due Process Clause of the Fourteenth Amendment ...." *Smith v. Dart*, 803 F.3d 204, 309 (7th Cir. 2015) (citations omitted). If he was a convicted prisoner, the Eighth Amendment applied. *Id.* (citations omitted). *See also, Frake v. City of Chi.*, 210 F.3d 779, 781 (7th Cir. 2000). Under either provision, however, Guitron would have to

4

allege that objectively the conditions to which he was subjected deny him "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Miranda v. County of Lake*, 900 F.3d 335, 352-353 (7th Cir. 2018) (holding that under *Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2472, 2474 (2015), a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable – not that the defendant was subjectively aware that it was unreasonable). That is, he must allege that the officials acted intentionally or recklessly as they "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Id.* This is a more exacting standard than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Id.*

"Subjecting a prisoner to a few hours of periodic loud noises that merely annoy, rather than injure the prisoner does not demonstrate a disregard for the prisoner's welfare," *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994). However, Guitron alleges the officers *intentionally* caused the spring-loaded unit-to-unit doors to slam close every 45 minutes for months. He states, in particular, that they told him and other inmates that if they "don't like it then don't come to jail." Docket #1 at 8. The "infliction of incessant noise, even if it causes only agony and not enduring injury, may be a due process violation." *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (citing *Williams v. Boles,* 841 F.2d 181, 183 (7th Cir.1988). Thus, Guitron may proceed with his claim against Officers Noonan, Muah, Strong, Sauer, Bloshenko, Voung, Xiong, Schattner, Nikolai, Navis, Orabutt, Meyer, Linjer, Voekner, Feucht, Van Offeran, Damman, R. F. Maki, Wells, Ravely, Morales, Hein, Skoleski, and Stadler.

5

Guitron may also proceed against Sergeants Rosenthal, Wilson, School, Gardner, Edwards, and McVay and Lieutenant Verheyen, who he asserts allowed the intentional allegedly unconstitutional acts of the officer defendants. A defendant is liable for acts committed in violation of section 1983 if he "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye for fear of what they might see." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir.1988)).

**THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order on defendants Officer Noonan, Officer Muah, Officer Strong, Officer Sauer, Officer Bloshenko, Officer Voung, Officer Xiong, Officer Schattner, Officer Nikolai, Officer Navis, Officer Orabutt, Officer Meyer, Officer Linjer, Officer Voekner, Officer Feucht, Officer Van Offeran, Officer Damman, Officer R. F. Maki, Officer Wells, Officer Ravely, Officer Morales, Officer Hein, Officer Skoleski, Officer Stadler, Sgt. Rosenthal, Sgt. Wilson, Sgt. School, Sgt. Gardner, Sgt. Edwards, Sgt. McVay, and Lt. Verheyen under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that defendants Officer Noonan, Officer Muah, Officer Strong, Officer Sauer, Officer Bloshenko, Officer Voung, Officer Xiong, Officer Schattner, Officer Nikolai, Officer Navis, Officer Orabutt, Officer Meyer, Officer Linjer, Officer Voekner, Officer Feucht, Officer Van Offeran, Officer Damman, Officer R. F. Maki, Officer Wells, Officer Ravely, Officer Morales, Officer Hein, Officer Skoleski, Officer Stadler, Sgt. Rosenthal, Sgt. Wilson, Sgt. School, Sgt. Gardner, Sgt. Edwards, Sgt. McVay, and Lt. Verheyen shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that the agency having custody of Guitron shall collect from his institution trust account the $334.95 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Guitron's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Guitron transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Guitron's remaining balance, to the receiving institution.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Guitron that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Milwaukee, Wisconsin this 3rd day of October, 2018.

BY THE COURT:

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge